# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| TIMOTHY BAILEY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 2:13-cv-00373-JMS-WGH <br> Case No. 2:10-cr-07-JMS-CCM-18 |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Timothy Bailey ("Bailey") for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the Court finds that a certificate of appealability should not issue.

## I. Background

On April 13, 2010, the Grand Jury sitting in the Southern District of Indiana handed down a two-count, multi-defendant Indictment. Bailey was charged in count 1 of that Indictment, which alleged that he (and multiple co-defendants) conspired to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On July 15, 2010, a four-count Superseding Indictment was handed down. Bailey was charged (along with multiple co-defendants) with (count 1) conspiring to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, in

1

violation of 21 U.S.C. §§ 841(a)(1) and 846. Count 1 of the Superseding Indictment was the only count in which Bailey was charged.

On February 16, 2011, the United States filed a 21 U.S.C. § 851 Information alleging that Bailey had two prior felony drug convictions.

On March 15, 2011, after a three week trial, a jury found Bailey guilty of count 1 of the Superseding Indictment. Based on this conviction and the previously filed Information, Bailey faced a mandatory minimum sentence of life imprisonment.

Bailey objected to the Information filed under 21 U.S.C. § 851(a)(1) on the grounds that the convictions listed were allegedly obtained in violation of his Sixth Amendment right to counsel. See Crim. Dkts. 777, 1002. The United States responded arguing that Bailey knowingly and intentionally waived his right to counsel and the five-year limitations period of 21 U.S.C. § 851(e) prohibits Bailey from challenging the validity of his conviction. See Crim. Dkt. 1131. On September 27, 2011, the Court conducted a hearing and took the issue under advisement.

On October 6, 2011, the United States and Bailey entered into a Sentencing Agreement. Pursuant to the terms of that agreement, the United States agreed to "withdraw the information filed pursuant to 21 U.S.C. § 851(a)(1) in this matter" and "to recommend that the Court sentence Bailey to 216 months' imprisonment." Sentencing Agreement, ¶ 5(a) and (b). In exchange, "Bailey expressly waive[d] his right to appeal his sentence [but reserved his right to appeal his conviction] on any ground . . . [and additionally] expressly agree[d] not to contest, or seek to modify, his sentence or the manner in which it was determined in any proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255." Sentencing Agreement, ¶ 5(c). Bailey expressly reserved his right to appeal the merits of his conviction. Sentencing Agreement, ¶ 6.

On October 6, 2011, a sentencing hearing was conducted. At that hearing, the Court questioned Bailey with respect to the Sentencing Agreement and ultimately accepted the agreement. The United States moved orally to withdraw the 21 U.S.C. § 851 Information, a motion the Court granted. The Court sentenced Bailey to a term of imprisonment of 216 months to be followed by five years of supervised release. Bailey was also fined $1000 and was assessed the mandatory assessment of $100. Judgment was formally entered on the Court's docket on October 13, 2011.

Bailey appealed his conviction to the Seventh Circuit, arguing error in (1) excusing some potential jurors from service (because of commitments, vacation plans, employment obligations, or hardships) in advance of voir dire; (2) that "excluding busy people from a jury violates the Jury Selection and Service Act;" (3) that "excusing prospective jurors before the trial violated Fed. R. Crim. P. 43(a)(2), which entitles the defendant to be present at every trial stage, including jury empanelment;" and that (4) a law enforcement officer was improperly "permitted to testify as both a lay witness and an expert witness." *United States v. Moreland*, 703 F.3d 976, 981-83 (7th Cir. 2012). All of Bailey's challenges to the validity of his conviction were rejected, and Bailey's conviction was affirmed by the Seventh Circuit on December 3, 2012.

On October 18, 2013, Bailey filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 alleging that he was denied the effective assistance of counsel.

## II. Effective Assistance of Counsel

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. U.S.*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional,

jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is appropriate to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

Bailey claims that he is entitled to relief under § 2255 because his counsel failed to provide effective assistance as guaranteed by the Sixth Amendment. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. This right to assistance of counsel encompasses the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). *See also Stitts v. Wilson,* 713 F.3d 887, 891 (7th Cir. 2013) (petitioner has burden of demonstrating both deficient performance and prejudice). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.*

Bailey asserts that his counsel was ineffective in his representation during negotiations related to his sentencing agreement, by failing to investigate his defense, failing to properly argue a Rule 29 motion and by making certain concessions at trial. For the reasons explained below each

of Bailey's specifications of ineffective assistance of counsel is without merit and his petition must be denied.[1]

## A. Sentencing Agreement

In Bailey's case, there was no plea agreement. There was, however, a Sentencing Agreement that was very favorable to Bailey.[2] That Sentencing Agreement averted the possibility that Bailey could be sentenced to life in prison and contained a recommendation that Bailey be sentenced to 216 months, a recommendation that was accepted by the Court.

Bailey argues that the United States pushed for the Sentencing Agreement because "there is a very reasonable chance there would have been a lower sentence than that forced upon by the Government." Dkt. 13 at p. 2. Bailey argues that the "Government knew that the Section 851 enhancement would not hold up in the Sentencing Proceedings, and they also knew the likelihood of the Liberal Judge granting a substantial downward departure from the Applicable Guidelines." *Id.* Bailey goes on to suggest that his counsel gave him inaccurate information regarding the 851 enhancement. Bailey argues that his attorney failed to discover that the convictions listed in the Section 851 Information was not a valid basis for enhancement.

---

[1] The United States identified four grounds of ineffective assistance of counsel alleged in the petitioner's § 2255 motion. The petitioner argues, "however, by closer examination and using the common sense approach, this Honorable District Court should see the Motion to Vacate, Set Aside, or Correct, unfolds a series of claims for which relief can be granted." Dkt. 13 at p. 1. But, the United States and this Court can only evaluate those claims which can be identified. The petitioner failed to identify what claims he believes were overlooked in the United States' response and this Court is unable to identify any additional non-frivolous claims raised in his petition. Accordingly, only the four grounds for relief identified by the United States are discussed below.

[2] To the extent the petition could be understood to suggest that Bailey's counsel was ineffective by failing to effectively advise him concerning the consequences of rejecting an unidentified plea offer this claim must fail because it lacks any specificity. There is no evidence that there was a plea offer made by the government which was not disclosed to Bailey, nor is there any evidence that Bailey's counsel failed to properly advise him of regarding any such offer.

Bailey's arguments in this regard contradict the record at every turn. First, the Section 851 Information filed by the United States listing two of Bailey's prior felony convictions was in fact valid because the state court record clearly reflects that Bailey effectively waived his right to counsel. Bailey argues in his petition that he never waived counsel verbally or on a written waiver form before pleading guilty in Vigo County in 2003. But the transcript of the guilty plea and sentencing hearing for *State of Indiana vs. Timothy D. Bailey,* Cause No. 84D01 0307 FD 01899 and 84D01 0109 CF 02349 (Vigo Superior Court Division 1) provides the following record of what transpired on August 22, 2003:

| 1  | COURT:     | This is 84D01 0307 FD 1899 and 84D01 0109 CF 2349, both being entitled State of Indiana versus Timothy Bailey. Show Mr. Bailey is present, deputy prosecuting attorney Rob Roberts is present and I have been presented with a plea agreement. Mr. Bailey, you have a court appointed attorney, Mr. Earls, I think on both cases, do you not? |
|----|------------|---|
| 8  | DEFENDANT: | I had Kaleel and I went in his office I think on the 18th or somethin' he was suppose to have been meetin' with the prosecutor about my case, but he didn't say that he was actually droppin' it, but I guess he did. |
| 12 | COURT:     | Well, at any rate, what I'm getting at is, you've presented a plea agreement here, on both cases. |
| 14 | DEFENDANT: | Yes. |
| 15 | COURT:     | Which appears to be favorable to you but, you have the right before we go forward with this to have an attorney represent you and examine this and all of that stuff. Am I correct in assuming that you wish to waive that and just go ahead with this plea agreement? |
| 20 | DEFENDANT: | Yes sir. |
| 21 | COURT:     | You understand you could have your attorney look at this and postpone this if you wanted? |
| 23 | DEFENDANT: | I'm fine. |
| 24 | COURT:     | Okay, but you do not want to do that. |
| 25 | DEFENDANT: | I do not want to. |

Second, Bailey's counsel **did** effectively object to the Section 851 Information. There is no doubt that this objection played a role in the United States' willingness to enter into the

7

Sentencing Agreement and withdraw the § 851 Information. Bailey's counsel advocacy resulted in him receiving a 216 month sentence instead of the mandatory minimum of life in prison he would have received had the § 851 Information not been withdrawn by the United States. Bailey's suggestion that he would have fared better had he not accepted the Sentencing Agreement is frivolous.

Bailey is not entitled to any relief on this basis.

**B. Failure to Investigate**

Bailey asserts that his counsel was ineffective for failing to investigate the facts and the law underlying the government's case against him. However, how his counsel's investigation was insufficient, or what it was that counsel should have discovered that would have made a difference in the outcome of the criminal action is unspecified. For example, Bailey argues in his reply brief that his counsel failed to interview all witnesses. But Bailey does not identify any specific person that had information useful to establish his innocence. Similarly, Bailey argues that his counsel failed to investigate certain physical evidence to undermine the prosecution's theory. He suggests that by playing several phone calls, his attorney could have proven that he was not a meth dealer resulting in his acquittal. Again, no specific exculpatory phone call is identified.

It is true that a defense attorney has a responsibility to reasonably investigate the circumstances of the case against his client. *See Bruce v. United States*, 256 F.3d 592, 587-89 (7th Cir. 2001). But, the mere allegation that a lawyer failed to conduct an adequate investigation, without particulars as to what was not done that should have been, is insufficient to warrant post-conviction relief. "[I]f potential witnesses are not called, it is incumbent on the petitioner to explain their absence and to demonstrate, with some precision, the content of the testimony they would have given at trial." *United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir. 1987).

The failure to produce "affidavit[s] . . . indicating the evidence that would have been offered . . . constitutes a failure to satisfy the requirement from *DeRobertis* . . . [and] affords [the court] no reason to believe . . . this information affected the outcome of the trial." *United States v. Kamel*, 965 F.2d 484, 499 (7th Cir. 1992).

Although Bailey argues that his counsel failed him in every conceivable way he has not demonstrated how or in what respect his attorney's investigation of his case was inadequate, or demonstrated what testimony could have been presented (but was not) that would likely have changed the outcome of his trial. Bailey has demonstrated neither deficient performance nor any prejudice with respect to this claim. Bailey's claim of ineffective advocacy fails because the record demonstrates that a vigorous and competent defense was presented on his behalf, and Bailey's complaints with the effectiveness of his counsel's advocacy seem to amount to dissatisfaction with the result obtained rather than with any specific error or omission by counsel. *See United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005). No relief is warranted on this basis.

**C. Rule 29 Motion**

Bailey contends that his trial counsel was ineffective in the argument of his Rule 29 motion for acquittal. In effect, Bailey is asserting that the evidence in his case was insufficient to convict him and had his lawyer effectively so argued, he would not have been convicted. This is frivolous. Viewing the evidence against Bailey in the "light most favorable to the government" there is no basis to challenge the contention that "a rational jury could find guilt beyond a reasonable doubt." *United States v. Orozco-Vasquez*, 469 F.3d at 1106. Under these circumstances, Bailey could not possibly have suffered prejudice with respect to the Rule 29 motion.

**D. Trial Strategy**

Bailey was charged with conspiracy to distribute large amounts of methamphetamine and marijuana. He was only charged with conspiracy, however, and not with the substantive offenses of selling those unlawful substances. Bailey asserts that during his trial his counsel was ineffective for conceding that Bailey sold "weed," an offense for which Bailey was not charged.

The United States argues that this was a valid trial strategy and this Court agrees. It was not improper to for Bailey's counsel to argue as a trial strategy that Bailey, a drug user, sold some of his drugs to support his personal drug usage, but did not participate in and was not a part of the charged distribution conspiracy which involved large quantities of both methamphetamine and marijuana. Bailey's counsel argued that he was only charged in the indictment because he is the uncle of two of the co-codefendants. Bailey's claim that his counsel admitted that Bailey was guilty of Count One is simply incorrect. See Crim. Trans. dkt. 1225 at pp. 65-67 (Opening Statement).

Bailey argues that he was further injured by the jury instruction regarding conspiracy. He states that the instruction was so vague and broad that anyone who sold drugs and also knew of conduct of anyone else selling drugs had to be part of the conspiracy. This argument was raised by one of Bailey's co-conspirators on direct appeal. While the Seventh Circuit found the jury instructions regarding conspiracy to be confusing, the Court of Appeals held that no relief was warranted because the evidence taken in the light most favorable to the government reflected that the jury could find co-defendant Phipps guilty. *Moreland,* 703 F.3d at 986-988. The result is the same for Bailey. The evidence was sufficient to show that he was a member of the conspiracy even if the jury instructions were confusing. For example, the evidence reflected that Bailey was arrested with 10 pounds of marijuana, he distributed methamphetamine and marijuana to people on credit, and he assisted with bagging and moving the drugs. Based on the evidence presented, a reasonable

jury could conclude that Bailey was a member of the conspiracy alleged in Count I of the Superseding Indictment.

The record before the Court reflects that Bailey received the benefit of competent legal advice at all stages of his criminal case.

### III. Evidentiary Hearing

Bailey suggests that he is entitled to an evidentiary hearing on the issues raised in this § 2255 motion. "A § 2255 petitioner is entitled to an evidentiary hearing on his claim where he alleges facts that, if true, would entitle him to relief." *Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010) (citing *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *Hall v. United States*, 371 F.3d 969, 972 (7th Cir. 2004)). On the other hand, a hearing "is not required when 'the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Id.* (quoting 28 U.S.C. § 2255(b)). For the reasons explained above, the record in this case conclusively establishes that Bailey is not entitled to relief making any such hearing unnecessary. Therefore, his request for an evidentiary hearing is **denied.**

### IV. Conclusion

Bailey's conviction and sentence are supported by overwhelming evidence of his guilt. The Seventh Circuit noted in *United States v. Farr,* 297 F.3d 651, 657-58 (7th Cir. 2002):

> We have observed in the past that criminal defendants frequently "demonize" their lawyers. "If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds." *Burris v. Farley*, 51 F.3d 655, 662 (7th Cir. 1995).

For the reasons explained in this Entry, Bailey has failed to show that he is entitled to the relief he seeks and his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** Judgment consistent with this Entry shall now issue.

This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 2:10-cr-007-JMS-CMM-18.

## V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Bailey has failed to show that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 04/22/2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

TIMOTHY BAILEY
09474-028
BECKLEY - FCI
BECKLEY FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 350
BEAVER, WV 25813

All Electronically Registered Counsel

**04/22/2015**